The Honorable Justice of the United States Court of Appeals in and for the 7th Judicial Circuit, hearing, hearing, hearing. All persons having business with one's Honorable Court are admonished to draw near and give their attention as the Court is now sitting. God save the United States through an Honorable Court. Yes. Yes, Your Honor. There you are. Can you hear me? I can hear you. Can you hear me? You may proceed whenever you're ready. Good morning, and may it please the Court. Michael Thompson on behalf of the appellant Vincent Merrill. Fundamentally, this case presents a question of whether a defendant's guilty plea can be voluntary when he indicates on the record that he does not remember committing the conduct for which he's pleading guilty. Mr. Merrill, in this case, indicated to the District Court that he did not remember committing certain acts, and then his guilty plea was accepted nonetheless. Shortly thereafter, he obtained new counsel and filed a motion to withdraw that guilty plea, indicating that his former counsel did not adequately advise him of what the elements of the offense were. Well, Mr. Thompson, if I could interrupt for a moment. Wasn't there some on-the-record rehabilitation? You know, these kind of wild-card occurrences in the courtroom are not unusual, and there was some follow-up rehabilitation of your client. There was. And there was a really rock-solid plea agreement, right? The plea agreement itself did lay out the elements of the offense. I agree with that. The on-the-record rehabilitation, such as it was, was unfortunately insufficient because it did not actually get to the question of whether Mr. Merrill actually remembered committing the conduct at issue. Are you saying that a defendant cannot plead guilty if he doesn't remember? He can't accept, for example, the evidence from the text messages and say, I don't really have much of a defense, and I'm going to go ahead and plead guilty? I'm not saying a defendant can never do that. I'm saying in this case, the record wasn't clear that that is exactly what was happening because here we have a defendant who indicated shortly after his plea that his counsel did not adequately explain the elements of the offense for which that decision was being made. And the district, would you agree, Mr. Thompson, that the district judge found that counsel did, in fact, explain how the actual evidence fit into the elements of production of child pornography? That is what the district court found, yes. Was that clearly erroneous? In this case, I believe it was because the question shouldn't just be what words the counsel said, but whether or not the defendant actually understood them in order for that plea to be knowingly entered into. In this case, we have a defendant who says, I didn't understand what those elements were after counsel discussed them with me. So it's not sufficient that counsel simply said, oh, this is what a jury could find to be sufficient. He needed to convey to the defendant, these are what the elements are. This is what the government would have to prove. And knowing that, do you wish to plead guilty despite your lack of memory? But the district court specifically found that both of his attorneys, who the district court found were credible, and I don't see you challenging credibility on appeal, that they both said they explained to Mr. Merrill the difference between the charges and how the evidence established the elements for each one. Again, how is that clearly erroneous? The fact that your client said he didn't understand, the court found the lawyers credible. And we are not challenging the lawyers credibility. But what we are challenging is the adequacy of what advice they gave as far as the defendant's actual understanding of the legal requirements of the charges. It's not sufficient to merely recite things that a jury could accept or that the government might try to prove if the client, the defendant in this case, doesn't actually understand how those charges relate to his conduct or his offense. And in this case, all we have is the lawyer's indication that the things were said without any indication that the client actually understood them. We also have the entire Rule 11 colloquy, right? And the plea. We do. We do. And in the Rule 11 colloquy, the defendant specifically said he did not remember the conduct at issue, specifically the production solicitation. But then the court came back, as Judge Sykes was saying earlier, about rehabilitation and specifically asked, So, Mr. Merrill, you remember engaging in the conduct the government describes. That is, soliciting photographs and possessing the types of photographs that are set forth in the plea agreement as stated by the government. Is that correct? Answer. Yes, sir. That sounds like he's admitting the charges under oath at the plea. That was a statement that was made. There was also another statement, Your Honor, where he says he did not remember it 100%. But this was a question that was asked by the court as a follow-up after Mr. Merrill said he didn't remember all the photos on the phone. Yes. And I think there was, he certainly remembered some parts of it. But during the entire colloquy, he was consistent that he did not remember asking for images to be produced. And that. He was not consistent with that. I just read what the judge asked him about soliciting the photographs. And, Your Honor, I think his understanding of soliciting photographs is part of the problem here. He agreed that he solicited the reception of the photographs, but that's different from soliciting production of photographs. And that's part of the failure of the counsel's explanation to him as to what constituted the elements of production rather than simply solicitation to receive photographs. So, could I follow up then on that point on the issue that the government has raised about a lack of prejudice here? The theory of the defense at trial, you think, would be I don't remember asking her to take the photographs in the face of the texts that he sent to her? But, Your Honor, I don't want to get too far afield as far as speculating what the defense at trial would be because the prejudice isn't. You do need to show prejudice, right? Yes. And the prejudice is that he would have proceeded to trial. We don't have to prove that he would have won the trial. The right at issue. And since there's no. Well, and given the rule 11, I'm just trying to what would the what would trial look like from his perspective? He would hold the government to their burden, Your Honor, if he proceeded to trial. He doesn't have to agree that the elements of the crime were met, which is essentially what a guilty plea would be. He can require the government to prove it with evidence. And we don't need to speculate whether or not we've all seen. We've and we've all seen the texts, right? Yes. So and I'm not. And is there a question about their authenticity? No. Or their timing? Anywhere on the. Or about the change of the photographs. So what's the defense? Your Honor, the defense is that the government needs to prove it beyond a reasonable doubt, and he has a right to hold them to that burden. And he indicated shortly after the guilty plea that he would have received a trial if he had actually understood what the elements of the offense were. He hired new counsel within weeks of that guilty plea and filed his motion to withdraw fairly contemporaneously with the guilty plea itself, indicating that he wished to proceed to trial because of his lack of understanding of what the elements of the charges were. And if there are no questions at this time, I would like to reserve the further time for rebuttal. That's fine. Thank you. Miss Wells. Good morning. And may it please the court. Melody Wells for the United States. The district court's credibility findings regarding the testimony of former defense counsel, as well as its findings regarding the defendant's testimony lacking credibility, were not clearly erroneous. And the district court's decision to deny the motion to withdraw the defendant's guilty plea was not an abuse of discretion, and accordingly the holdings below should be affirmed. And I'd like to begin with addressing just the nature of the district court's findings regarding former defense counsel's testimony, which, as Your Honor has noted, the court found to be credible. The former counsel's testimony was that they had multiple conversations with the defendant about the nature of the charges to which he was pleading guilty, as well as the other charges in the indictment. That is what the Rule 11 colloquy requires, that the defendant understand the nature of the charges. And according to defense counsel, the defendant was focused in particular on how it was that he could have produced child pornography when he wasn't the person essentially taking the photographs himself. And it was in that context that they both explained to the defendant how his actions could constitute production. Ms. McKeever, one of the former defense attorneys, specifically explained to him what inducement and enticement were, which is statutory language. It also tracks the particular elements that the government would be required to prove if there were a trial. She explained how the evidence fit those terms. She had the text messages between the defendant and the victims in front of her during those conversations. And she explained to him exactly how the defendant's requests, and these texts are very explicit, but he made very particular requests for particular types of images displayed in particular ways, and how those specific requests followed by a near contemporaneous receipt of photographs matching the requests would constitute production. And as Mr. DiCastro, the other former defense attorney, noted during his testimony, there is no way to have that conversation without describing the elements of the offense. There's no way to explain to the defendant how the government will prove its case at trial without reference to that information. And the defendant testified, if I remember correctly, that those conversations simply never took place. That is correct. He said it was just one conversation a few minutes before the plea hearing. Is that right? Your understanding is correct, Your Honor. And on that point, I would rely on two different things. One, the district court's credibility findings. The district court found that the defendant's testimony in that regard and in other aspects during the withdrawal hearing lacked credibility and found that the former defense counsel's testimony was credible. But in addition to that, I think there is other evidence in the record that shows that the defendant's guilty plea was knowing and voluntary and that he did understand the nature of the charges to which he was pleading guilty and that there were inconsistencies between his testimony during the plea withdrawal hearing and his previous statements under oath at the plea colloquy and to the extent that he signed the plea agreement. As the court has noted, there was a very thorough and detailed plea agreement in the case that contained several relevant provisions. And just to tee that up, at the colloquy, the defendant testified under oath that he was satisfied with his counsel, that he had reviewed the indictment and did not have questions, that he had reviewed the plea agreement before signing it, and that there was nothing in the plea that he did not understand. And then referring to the plea agreement itself, there is language in there in paragraph 4 where the defendant attests when he signs the plea that he fully understands the nature and elements of the crimes with which he has been charged. So there's a reference there specifically to the elements of the crime. He signed the plea agreement. He said that he understood it. The plea agreement also contains language that the defendant has read the charges against him and that the charges have been fully explained to him by his attorney. So all of these statements that he made subsequently saying, oh, I only had one conversation, I did not review the plea closely, those were inconsistent with his prior testimony at the plea colloquy and with the information contained in the agreement itself. In addition, the factual basis in the plea agreement is extremely detailed, and it contains examples and language that I think as defense counsels can see to lay out the elements. And I think of particular interest here is language in the factual basis that the images at issue were taken by the victims at the defendant's direction. So in other words, this question of was it solicitation because he asked and then someone sent something that might have existed already, right? That's not what's in the plea agreement. The plea agreement says in at least three different pages on page 4, 6, and 9 that the images were taken by the victims at the defendant's direction and sent at the defendant's direction. And the prosecutor during the change of plea hearing echoed that language. In reciting the factual basis in front of the defendant, she noted that they were sent at the defendant's direction, and the prosecutor also noted that the defendant pressured a minor victim to take and send him sexually explicit images. That tracks the elements of the crime, that coercion, that inducement, that enticement. And the texts are in the plea agreement as well that show his communications and directing her to do so. That's exactly right, Your Honor. There are several examples of those texts which are consistent with Ms. McKeever's description of what she reviewed with the defendant in advance of the change of plea hearing. And I'd also add that the charging language, which is in the indictment and the plea agreement, also tracks those elements. I mean, again, this is not a situation where the elements are complex. The government would have to show at trial that the defendant used, persuaded, induced, or enticed the minor victims to engage in sexually explicit conduct for the purpose of producing a visual depiction. That's language of the statute. It's language in the plea. Those are the elements that would have to be proven. And so finally, the last thing I'd like to address is the defendant's memory of the conversations in the text messages. I agree that there was on-the-record rehabilitation of his memory lapse during the colloquy. But I think what this boiled down to is the defendant saying, look, I remember I did this conduct. I remember these types of things happening. I don't remember the specific words on the page. These text messages are several years old. But defense counsel jumped in to clarify on the record that he had discussed this particular issue with the defendant and that while the defendant didn't recall the specifics, again, I think that's the particular language in the conversations, he remembered the offense and that he accepted as true, as the court has pointed out, the evidence that came from his phone. And so the defendant did not contest that at the change of plea hearing, and he also did not disagree with anything his attorney had said on the record. So with that, unless the court has any further questions, we ask that the decision below be affirmed. Thank you. Mr. Thompson, you saved a little time. But you're still on mute. I apologize for that. I would point out that the defendant's statements that he believed he understood the charges or agreed that the charges had been explained to him, whether at the plea colloquy or in the plea agreement, that argument is a little bit of a red herring because at the time he entered into the plea, he believed he understood the charges. It wasn't until later when he wished to withdraw his plea that he realized the charges had not been explained to him in a manner that he did understand. So a defendant falsely believing that he understood something is, if anything, more of an indication that he didn't enter into the plea knowingly and voluntarily because that understanding was misplaced and not complete. The defendant indicated during the plea colloquy that he did not remember doing things that the government described in its factual basis, but agreed that he probably did do them because that information was on his phone. That does not show that he is actually agreeing to the conduct so much, agree that he remembered doing the conduct so much as just an acceptance that, yes, he must have done it because they're saying he did it and it's on his phone. This is not a voluntary plea, and we think that it should be withdrawn and the conviction reversed. If there are no further questions, I will submit on that argument. Thank you very much. Our thanks to all counsel. The case is taken under advisement.